■ TOUR AND STUDY, INC., Respondent, v SUZANNE HEPNER et al., Appellants.—Amended order, Supreme Court, New York County, entered February 13, 1980, to the extent that said order enjoined defendants, for a period of three years, from competing for or soliciting business of 41 designated customers of the plaintiff, affirmed, without costs, for the reasons indicated by Rosenberger, J. Appeal from original order, entered January 17, 1980, dismissed as academic, without costs. In reaching the above determination we have not given any consideration to the subject matter in the first paragraph of page 23 of the reply brief. Concur—Ross, J. P., Markewich and Carro, JJ.

Silverman and Bloom, JJ., dissent in part in a memorandum by Bloom, J., as follows: We are all in agreement that injunctive relief is warranted. Here no restrictive covenant is involved, nor is it claimed that the services of the individual defendants were unique or extraordinary (cf. *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303). Similarly, there is no theft of customers' lists since the identity of potential customers was published in a booklet available to all. *(Leo Silfen, Inc. v Cream,* 29 NY2d 387.) There was, however, a copying of certain records of the employer and the utilization of employer time in undertaking the organization of Hepco Tours, Inc. This breach of trust and confidence while in plaintiff's service is sufficient to warrant issuance of the injunction *(Leo Silfen, Inc. v Cream, supra; Scott & Co. v Scott,* 186 App Div 518). Our sole point of difference lies in the duration of the injunction. The trial court fixed that duration at three years. Inasmuch as the startup time, i.e., the period between the bid and acceptance normally takes between eight months and a year the practical effect of fixing

the restraint at three years is to enjoin defendants for a period of four years. This we think is excessive. The purpose of an injunction of the nature here involved is to protect an employee against *unfair* competition by his former employee or employees *(Clark Paper & Mfg. Co. v Stenacher,* 236 NY 312; *Service Systems Corp. v Harris,* 41 AD2d 20). It is not intended to penalize the employee. We are of the opinion that plaintiff will be adequately protected by an injunction limited to one year. Coupled with the required startup time, defendants will thereby be precluded from competing with plaintiff for almost two years. Its rights will, therefore, adequately be shielded from injury. Accordingly, we would modify to the extent only of limiting the injunction to a period of one year and otherwise affirm.